# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLOTTE D'OOGE** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-9375** |
| **SPIRIT COMMERCIAL AUTO RISK RETENTION GROUP, INC., ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendants Happy Transportation, LLC and Gerardo Gomez's (collectively, "Happy Transportation") motion[1] for a 60-day stay. Happy Transportation has advised the Court that, on January 18, 2019, a Nevada state court appointed a temporary receiver to "enter . . . and oversee the operation and conversation/rehabilitation" of defendant Spirit Commercial Auto Risk Retention Group, Inc.'s ("Spirit") business.[2]

Happy Transportation quotes the court's order, which provides that,

> pursuant to NRS 696B.340, pending further orders by the [c]ourt, all persons are immediately enjoined from the commencement or prosecution of any actions by or on behalf of [Spirit], or against [Spirit], and the receivership court will have exclusive jurisdiction over any actions involving the Receiver or [Spirit]. Further, all persons shall be restrained from obtaining any preferences, judgments, attachments, or other liens as to any property of [Spirit] or making any levy against [Spirit] or against their assets or any part thereof.[3]

According to Happy Transportation, the foregoing language suggests that "claims against [Spirit] appear to be stayed at this time pending further orders from the

---

[1] R. Doc. No. 15.
[2] *Id.* at 1.
[3] R. Doc. No. 15-1, at 2.

[state] [c]ourt."[4] In the aforementioned order, the court relies on Nevada Revised Statute 696B.340, which states that,

> [d]uring the pendency of delinquency proceedings in this or any reciprocal state, no action or proceeding in the nature of an attachment, garnishment or execution shall be commenced or maintained in the courts *of this state* against the delinquent insurer or its assets.

Nev. Rev. Stat. § 696B.340 (emphasis added). On its face, the provision applies only to Nevada state courts. Furthermore, the court's order also provides that "[t]he Receiver is authorized, in her discretion, to continue the insurance defense of insurance policy claims until further orders of this [c]ourt."[5]

Finally, Spirit is not yet a proper party to this case as it has not filed an answer or made an appearance. Indeed, on this date, plaintiff Charlotte D'Ooge was advised that, if a motion for an entry of default as to Spirit is not submitted to the Clerk of Court within one week, Spirit will be dismissed from the case.[6]

Accordingly,

**IT IS ORDERED** that the motion to stay the above-captioned matter is **DENIED.**

New Orleans, Louisiana, March 12, 2019.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[4] R. Doc. No. 15, at 2.
[5] R. Doc. No. 15-1, at 3.
[6] R. Doc. No. 22, at 1.